## Case No. 9,919.

### MUMM v. OWENS.

[2 Dill. 475.] [2]

Circuit Court, D. Iowa. 1873.

EVIDENCE—COMPETENCY OF PARTIES—ACT MARCH 3, 1865, CONSTRUED.

A servant brought an action against his master for negligence, and during its pendency died. Under the statute of the state by which the action survived, his administrator was substituted as plaintiff, and the action continued in his name, and came on for trial. The servant, before his death, was fully examined, and cross-examined as a witness in his own behalf, and his examination was reduced to the form of a deposition, and, on the trial, was read in evidence to the jury by the administrator against the defendant: Held, under the act of congress of March 3, 1865 (13 Stat. 533), that the defendant should be allowed to testify on his own behalf as to the matters embraced in the deposition of the plaintiff's intestate.

This action was originally instituted by John Johnson in his life time, to recover

---

[1] [Reported by John Gallison, Esq.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

for injuries caused, as alleged, by the defendant's negligence. The defendant was a contractor, under the government, for building locks in the canal near Keokuk, and Johnson was employed by him as a laborer. The defendant gave orders to fifteen or twenty men to lift a heavy box, or turntable, and remove it to a designated place, and, in the course of executing this order, Johnson was seriously injured. For the injury thus occasioned, this action was brought by Johnson. Johnson's deposition, after issues settled, was taken upon the whole case, and he was fully examined and cross-examined as to all matters in controversy. Subsequently he died, and, under the statute of the state, his administrator was substituted as plaintiff, and the cause proceeded in his name. On trial, the plaintiff Mumm, as administrator, read in evidence to the jury the above-mentioned deposition of his intestate, the said Johnson, and produced other evidence to the jury in relation to the accident, its cause, and the extent of Johnson's injury. When the plaintiff had rested, the defendant's counsel offered the defendant himself as a witness in his own behalf. The plaintiff's counsel objected, on the ground, that as the plaintiff was an administrator, the defendant was not a competent witness for himself.

Craig & Gibbons, for plaintiff.
Gillmore & Anderson, for defendant.

DILLON, Circuit Judge. This action was brought by Johnson in his life time, for personal injuries to himself, caused by the alleged negligence of the defendant, and pending the action he died, and his administrator was substituted as the party plaintiff, and he seeks to recover for the same injuries for which the action was commenced by Johnson. Under the statute of the state, the action survives, as will be seen by the case of Shafer v. Grimes, 23 Iowa, 550.

It is to be noticed that this is not an action by the administrator, under the statute of the state, to recover damages for the death of Johnson; but it is the original action, brought by Johnson, which did not abate by his death, but, under the statute, survived to his administrator. Johnson, before his death, was examined as a witness in his own behalf, and his examination was reduced to writing, in the form of a deposition, and this deposition has been read in evidence by the plaintiff.

Now, is the defendant, under these circumstances, precluded from testifying to the matters covered by Johnson's evidence, as contained in the deposition read to the jury? Under the act of congress of July 2, 1864 (13 Stat. 351, § 3), and of March 3, 1865 (13 Stat. 533, § 1), it is my opinion that the defendant should be allowed to testify, if the plaintiff insists upon keeping the testimony of his intestate before the jury.

The first act above cited makes parties competent witnesses in all civil cases; and the second act does not pronounce an absolute disqualification against the living party when the adverse party is an administrator, but enacts that he "shall not be allowed to testify against the other as to any transaction with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party, or required to testify thereto by the court." In this case, the intestate has testified, and his testimony is before the jury; to exclude the defendant from giving his version of the same transaction would be manifestly unfair, and in contravention of the purpose and spirit of the legislation of congress.

Evidence admitted.